

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MATTHEW MODAFFERI**
*Assistant Corporation Counsel*
Telephone: (212) 788-1652
Fax: (212) 788-9776
mmodaffe@law.nyc.gov

August 30, 2010

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Sergei Chepilko v. City of New York, et al.</u>, 06-CV-5491 (ARR)(LB)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. Defendants write in opposition to Plaintiff's motion to seek leave to file a second amended complaint.

## I. Plaintiff's Proposed Amendments are Futile

   An amendment may be denied for a wide variety of reasons, including undue delay, bad faith, undue prejudice to the opposing party, or futility. <u>In re "Agent Orange" Prod. Liab. Litig.</u>, 220 F.R.D. 22, 24 (E.D.N.Y. 2004)(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Mackensworth v. S.S. Am. Merchant</u>, 28 F.3d 246, 251 (2d Cir. 1994)). Leave need not be granted if the amendment "is unlikely to be productive." <u>Ruffolo v. Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993). "'Futility' is a valid reason for denying a motion to amend … where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70-71 (2d Cir. 1999)(citations omitted). In <u>Pangburn</u>, the Court declined to grant Plaintiff *pro se* leave to amend because any amendment would be futile.

### A. Plaintiff's Proposed Amendments Fail to State Viable Claims

   Since any amendment in this matter would be futile, the Court should deny Plaintiff leave to amend. In his proposed amended complaint, Plaintiff includes an additional claim for failure to timely prosecute assault. <u>See</u> Plaintiff's proposed amended complaint, ¶¶

104-106. Plaintiff's allegations fail to state a plausible claim that his constitutional rights were violated because municipalities do not have an obligation to protect individuals from privately caused harm. Town of Castle Rock v. Gonzales, 545 U.S. 748, 767 (2005)("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another")(quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); Deshaney v. Winnebago County Dep't of Social Svcs, 489 U.S. 189, 195 (1989)("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"); Sealed v. Sealed, 332 F.3d 51, 55 (2d Cir. 2003)("states have no substantive due process obligation to protect against private violence"); Tony's Nurseries v. Village of Larchmont, New York, 608 F. Supp. 467, 472 (S.D.N.Y. 1985). In Laupot v. City of New York, No. 01 Civ. 3294 (LMM), 2002 U.S. Dist. LEXIS 912 (S.D.N.Y. 2002), plaintiff *pro se* filed suit against the City of New York, claiming that his constitutional rights were violated when police officers refused to arrest a noisy upstairs neighbor. Id. at *1-2. There, this Court found that plaintiff had failed to state a claim pursuant to § 1983 because the "failure of the NYPD to respond to plaintiff's complaints is not a constitutional violation." Id. at *6.

Here, Plaintiff claims that "[t]he City of New York failed to timely prosecute assault committed by Laurence Major and covered-up his criminal actions." See Plaintiff's proposed second amended complaint, ¶ 105. Like the plaintiff in Laupot, Plaintiff fails to state a viable claim because, again, Plaintiff has no constitutional interest in the prosecution of others. Thus, Plaintiff's proposed additional claim is futile and the amendment should be denied.

Additionally, Plaintiff adds "and for many hours was handcuffed to the wall's metal bar," to paragraph 32 of his proposed amended complaint. See Plaintiff's proposed second amended complaint, ¶ 32. To the extent this new factual allegation could be construed as a excessive handcuffing claim, Plaintiff's proposed amendment fails to state a viable claim.

The same standard applies to excessive force claims raised by pretrial detainees as those raised by convicted prisoners under the Eighth Amendment. United States v. Walsh, 194 F.3d 37, 48 (2d Cir. 1999). To establish a constitutional claim of excessive force while in custody, a detainee must satisfy both an objective component (that the use of force was objectively serious) and a subjective component (that the defendant acted with a culpable state of mind associated with the unnecessary, wanton infliction of pain). Walsh, 194 F.3d at 49-50. The subjective component requires evidence that the defendant had reason to know of facts creating a high risk of physical harm or failed to act with conscious disregard or indifference to that risk. Bryant v. Maffucci, 923 F.2d 979, 985 (2d Cir. 1991).

Further, in Esmont v. City of New York, 371 F. Supp. 2d 202 (E.D.N.Y. 2005), the Court dismissed Plaintiff's claim of excessive handcuffing while in custody because Plaintiff presented no evidence that the officer acted with an improper or wanton motive, that the officer deliberately placed the cuffs on too tightly, or that Plaintiff ever complained of discomfort to the officer. In Wilder v. Village of Amityville, 288 F. Supp. 2d 341 (E.D.N.Y. 2003), the Court dismissed Plaintiff's excessive handcuffing claim because Plaintiff's allegation of sore wrists does not rise to excessive force in an arrest situation. Like the Plaintiffs in Esmont and Wilder, Plaintiff here cannot maintain a force claim based on excessive handcuffing by alleging simply that he was handcuffed to a metal bar for many hours. Accordingly, Plaintiff's proposed amendment to include this new factual allegation is futile.

### B. Plaintiff's Proposed Amendments are Time Barred

A motion to amend the complaint is futile if the claims sought to be added are barred by the relevant statute of limitations. Deluca v. Atlantic Refining Co., 176 F.2d 421 (2d Cir. 1949), cert. denied, 338 U.S. 943 (1950); Perlmutter Printing Co. v. Bermuda Star Line, Inc., 1995 U.S. Dist. LEXIS 3978 (S.D.N.Y. Mar. 30, 1995); Babb v. New York Telephone Co., 1993 U.S. Dist. LEXIS 15575 (S.D.N.Y. Nov. 4, 1993); Long v. United States, 616 F. Supp. 1280 (E.D.N.Y. 1985). Plaintiff filed his original complaint on September 29, 2006 alleging injuries stemming from his arrest and an alleged use of force on July 2, 2005. Now, after over 5 years since the date of Plaintiff's arrest, Plaintiff attempts to amend his complaint for the second time. Clearly, Plaintiff's proposed amendments come long after the expiration of the statute of limitations. Therefore, Plaintiff's proposed amendments are also futile as they are barred by the statute of limitations.

### II. Plaintiff's Proposed Amendments Come After Extensive and Undue Delay

When there has been an extensive delay preceding a motion to amend, the burden may shift to the movant to justify the delay. In re "Agent Orange" Prod. Liab. Litig., 220 F.R.D. 22, 24 (E.D.N.Y. 2004)(citing Phaneuf v. Tenneco, 938 F. Supp. 112, 115 (N.D.N.Y. 1996); Sanders v. Thrall Car Mfg. Co., 582 F. Supp. 945, 952 (S.D.N.Y. 1983). The Court of Appeals for the Second Circuit has found two years and nine months to constitute an undue delay. Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983). As mentioned above, Plaintiff brings this action alleging injury as a result of his arrest and an alleged use of force on July 2, 2005. Plaintiff proposes this second amended complaint over 5 years later. Plaintiff's reason for the amendment is that his former attorney put some incorrect information in his amended complaint. See Plaintiff's Affirmation dated August 9, 2010. However, Plaintiff's proposed amendment includes an entirely new claim and new factual allegations. See Plaintiff's proposed second amended complaint, ¶¶ 18, 32, 104-106. Plaintiff has had 5 years to amend his pleadings. Such an extensive delay is unjustified and unwarranted.

Accordingly, defendants respectfully request the Court deny Plaintiff's motion to seek leave to file a second amended complaint.

Thank you for your consideration herein.

Respectfully submitted,

/s/

Matthew Modafferi
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Mr. Sergei Chepilko (By ECF and First Class Mail)
      Plaintiff *Pro Se*
      501 Surf Avenue, Apt. 13A
      Brooklyn, New York 11224