FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 08 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

SERGEI CHEPILKO,

                    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                    Defendants.

----------------------------------------------------X

**REPORT AND RECOMMENDATION
06 CV 5491 (ARR) (LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff initiated this *pro se* action under 42 U.S.C. § 1983 and New York common law on September 29, 2006, alleging that he was assaulted and unlawfully arrested for selling photographs on the beach at Coney Island. See Docket Entry 1. Plaintiff later acquired counsel and filed an amended complaint on June 18, 2008. See Docket Entry 48. The Kings County District Attorney investigated the underlying incident to decide whether charges should be brought against any of the defendants herein. The Court stayed the case from July 21, 2008 until June 29, 2010 while the investigation was ongoing. See Docket Entries 53 and 95. Upon lifting the stay, the Court held a status conference, at which time plaintiff, once again *pro se*, stated that he wished to amend the complaint.

On August 9, 2010, plaintiff filed a motion to amend and proposed second amended complaint. See Docket Entries 101 and 102, Proposed Second Amended Complaint ("Prop. Second Amd. Compl."). Although largely repeating verbatim the allegations in his amended complaint, plaintiff's proposed second amended complaint seeks to 1) add a claim under federal and state law

1

against the City of New York for failing to timely prosecute the assault committed by defendant Laurence Major upon plaintiff, and 2) include additional allegations relating to plaintiff's assault, arrest, and detention.[1] Prop. Second Amd. Compl., ¶¶18, 29, 31, 32, 105. Defendants oppose plaintiff's motion to amend based on undue delay and futility. See document 103. For the reasons set forth below, it is respectfully recommended pursuant to 28 U.S.C. § 636(b) that plaintiff's motion to amend should be denied.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). The Court must construe a *pro se* plaintiff's complaint liberally and interpret it "to raise the strongest arguments that [it] suggest[s]." Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted).

Plaintiff seeks to assert a new claim against the City of New York for failing to timely prosecute defendant Major for assaulting plaintiff. However, it is well-established that "a private

---

[1] Plaintiff's additional allegations include the following: plaintiff provided Major with a "NYC Certificate of Authority, and US government issued ID," defendants failed to provide him "safe" water, and "for many hours [he] was handcuffed to the wall's metal bar."

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973). As "[t]here is no recognized cause of action for the state's failure to prosecute another person under section 1983," plaintiff's motion to amend to add this claim should be denied as futile. Thompson v. Grey, No. 08 Civ. 4499 (JBW), 2009 U.S. Dist. LEXIS 75563, at *5 (E.D.N.Y. Aug. 26, 2009).

Plaintiff also seeks to include additional allegations against defendants relating to his assault, arrest, and detention. As to plaintiff's proposed amendment that plaintiff provided defendant Major with a "NYC Certificate of Authority, and US government issued ID," and that defendants failed to provide him "safe" water, plaintiff's motion to amend should be denied as futile. Even when liberally construed, these allegations fail to state a claim upon which relief can be granted.

As to plaintiff's proposed amendment that he was handcuffed to the wall for many hours while in police custody, plaintiff's motion to amend should be denied based on undue delay. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting State Teachers Ret. Bd. v. Fluor Corp, 654 F.2d 843, 856 (2d Cir. 1981)). "The concepts of delay and undue prejudice are interrelated – the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, No. 08 Civ. 6962, 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983). In determining what constitutes prejudice, courts should consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

3

jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff's instant motion to amend comes after undue delay. The incident underlying this case occurred in July 2005 – over five years ago. Plaintiff filed his original complaint in September 2006 and counsel amended the complaint in June 2008. Plaintiff's only excuse for the delay is that his former attorney "put in the first amended complaint some incorrect information without [his] approval." See Docket Entry 101-1. However, inadvertence of prior counsel is generally not a valid excuse for undue delay. See Davidowitz, 2010 U.S. Dist. LEXIS 42322, at *10. The amended complaint was filed over two years ago and plaintiff's former counsel withdrew from the case about six weeks after it was filed. Plaintiff was aware that the amended complaint did not include the allegation regarding being handcuffed to the wall, and he nonetheless waited over two years to move to amend. Allowing plaintiff to amend at this juncture would prejudice defendants in that defendants have already deposed plaintiff and discovery is about to close.[2] Re-deposing plaintiff on the details of this claim would cause defendants to expend additional resources and further delay the resolution of this case. Given plaintiff's significant delay in moving to amend and the prejudice that the amendment would cause, plaintiff's motion to amend to add the allegation regarding being handcuffed to the wall "for many hours" should be denied.[3]

---

[2] The Court has previously extended the discovery deadline in this case four times. After lifting the stay on June 29, 2010, the Court set a final discovery deadline of October 15, 2010 and warned the parties that no further extension requests would be considered. See Docket Entry 97.

[3] Moreover, plaintiff fails to allege who handcuffed him to the wall, how long he was handcuffed, and what injuries he is claiming as a result.

4

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion to amend should be denied. The parties shall complete all remaining discovery in this case by October 15, 2010. If defendants intend to move for summary judgment, counsel shall write to the Honorable Allyne R. Ross to request a pre-motion conference by October 29, 2010.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: September 7, 2010
Brooklyn, New York

5